IN THE UNITED STATES COURT OF APPEALS

FOR THE FEDERAL CIRCUIT

_____

| | | |
|---|---|---|
| Kevin Sunlin Wang | ) | |
| Appellant | ) | In re: Wang |
| v, | ) | Cases: 2022-1510, 2022-1518 |
| The Director of the United States Patent | ) | (consolidated) |
| and Trademark Office | ) | |
| Appellee | ) | |
| _____ | ) | |

PETITIONER'S UNOPPOSED MOTION FOR A SECOND EXTENSION

OF TIME WITHIN WHICH TO FILE ITS PRINCIPAL BRIEF

Appellant Kevin Sunlin Wang, by his counsel below, respectfully requests an extension of time of 31 days from August 1, 2022, up to and including Monday, September 1, 2022 to file his principal brief.

The undersigned has exchanged emails with Associate Solicitor Mai-Trang Dang and Attorney Daniel Kazhdan, in the Solicitor's Office of the United States Patent and Trademark Office. Attorney Daniel Kazhdan has emailed the undersigned that the Director of the United States Patent and Trademark Office has agreed to such extension of time.

The reason for this request is stated in the attached Declaration of David Aker.

Respectfully Submitted,

July 28, 2022

Signature: /s/David Aker

Name: David Aker

Attorney for Appellant Kevin Sunlin Wang

IN THE UNITED STATES COURT OF APPEALS

FOR THE FEDERAL CIRCUIT

_____

| | | |
|---|---|---|
| Kevin Sunlin Wang | ) | |
| Appellant | ) | In re: Wang |
| v, | ) | Cases:  2022-1510, 2022-1518 |
| The Director of the United States Patent | ) | (consolidated) |
| and Trademark Office | ) | |
| Appellee | ) | |

_____ )

### DECLARATION OF DAVID AKER

As previously explained, the law firm below, where I was of counsel between February 12, 2012 and April 15, 2022, is winding down and will be dissolving into two new firms. I continue to be in very extensive and time-consuming negotiations for the dissolution. The negotiations were not concluded by the end of June, 2022, as expected. I continue to have management responsibilities for one of the new firms, where I am a new non-equity partner. This has caused extensive disruption to my work and to the work of the firm. The additional time will allow for the conclusion of the preparation of and the filing of Appellant's principal brief.

Respectfully Submitted,

July 28, 2022

Signature:          _/s/David Aker___

Name:              __David Aker

Attorney for Appellant Kevin Sunlin Wang

Ohlandt Greeley Ruggiero & Perle LLP
1 Landmark Square
Stamford, CT 06901-2682

<u>Certificate of Compliance</u>

Pursuant to Rule 32(g)(1) of the Federal Rules of Appellate Procedure, I certify that this motion complies with the type-volume limitations and contains 174 words as calculated by the word processing system used to prepare this motion.  I also certify that the declaration accompanying the motion complies with the type-volume limitations and contains 186 words as calculated by the word processing system used to prepare the declaration.

<u>/s/David Aker</u>

FORM 9. Certificate of Interest                                         Form 9 (p. 1)
                                                                          July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

|                       |                                          |
|----------------------:|------------------------------------------|
| **Case Number**       | 22-1510 and 22-1518 (consolidated)       |
| **Short Case Caption**| In re: Wang                              |
| **Filing Party/Entity**| Kevin Sunlin Wang                       |

---

**Instructions:** Complete each section of the form. In answering items 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance. **Please enter only one item per box; attach additional pages as needed and check the relevant box**. Counsel must immediately file an amended Certificate of Interest if information changes. Fed. Cir. R. 47.4(b).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 07/28/2022              Signature:    /s/ David Aker

                              Name:         David Aker

FORM 9. Certificate of Interest

Form 9 (p. 2)
July 2020

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☐ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☑ None/Not Applicable |
| Kevin Sunlin Wang | BYNFOR, Inc. | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐    Additional pages attached

FORM 9. Certificate of Interest

Form 9 (p. 3)
July 2020

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐   None/Not Applicable          ☐   Additional pages attached

| | | |
|---|---|---|
| Brian S. Matross | Monte, Wang and Associates, PLLC | |
| David M. Hill | | |
| Alison J. Moy | Sheridan Ross PC | |

**5. Related Cases.** Provide the case titles and numbers of any case known to be pending in this court or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal. Do not include the originating case number(s) for this case. Fed. Cir. R. 47.4(a)(5). See also Fed. Cir. R. 47.5(b).

☐   None/Not Applicable          ☐   Additional pages attached

| | | |
|---|---|---|
| In re: Wang | 2022-1518 | |
| | | |
| | | |

**6. Organizational Victims and Bankruptcy Cases.** Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑   None/Not Applicable          ☐   Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |